IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHMUEL COHEN ET AL., | |
| Plaintiffs, | Case No. 2:20-CV-3411 |
| v. | Judge Graham |
| ALLEGIANCE ADMINISTRATORS, LLC ET AL., | Magistrate Judge Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Allegiance Administrators, LLC's motion for judgment on the pleadings, Doc. 113. For the reasons stated below, Defendant's motion is granted.

## I.   Background

Defendants Allegiance Administrators, LLC d/b/a/ Performance First ("Performance Frist") and Autoguard Advantage Corporation ("Autoguard") are accused of breaching contracts and violating New York General Business Law §§ 349 and 350 by entering contracts, the terms of which they had no intention of honoring. The contracts in question are Excess Wear and Tear Protection Waivers ("Waivers"). These Waivers purport to insure the lessees of cars against excessive wear and tear charges, subject to certain exclusions. For example, the Waivers do not cover repairs of damage that would be covered by a standard automobile policy unless the cost of repairs is less than the maximum single event limit specified in the Waivers. Plaintiffs allege that Defendants ignore the Waivers' express terms and instead have a "policy and practice to deny eligible claims for reasons other than a term or condition found in the Waiver Agreement." Doc. 52-1 at 7.

1

Previously, Autoguard moved to dismiss the §§ 349 and 350 claims against it as duplicative of the breach of contract claim. The Court agreed and dismissed the §§ 349 and 350 claims. Doc. 110 at 9. In doing so, the Court noted that New York law requires §§ 349 and 350 to be based on acts or practices misleading in a material respect separate and apart from allegations of breach of contract. Doc. 110 at 8. Performance First now moves for the §§ 349 and 350 claims to be dismissed as to it, asserting that "the same reasoning of the Court applicable to Defendant Autoguard's Motion to Dismiss equally applies to [the §§ 349 and 350 claims] against [it]." Doc. 113 at 1.

## II. Standard of Review

"The standard of review for judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Procedure 12(b)(6)." *Monroe Rail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009) (quoting *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

## III. Analysis

There is evident confusion as to the analysis in the Court's April 15, 2022 Opinion and Order. Performance First understands the Court's order to conclude §§ 349 and 350 claims require

2

a deceptive act separate and apart from the mere entering of a contract with no intention of honoring the contractual terms. Plaintiffs interpret the opinion and order more narrowly, as finding that the §§ 349 and 350 are duplicative of the breach of contract claim and therefore must be dismissed. Under the former interpretation, §§ 349 and 350 claims can never be brought for mere breaches of contract. Under the latter, §§ 349 and 350 can be brought for mere breaches of contract so long as there is no breach of contract cause of action in the complaint. To resolve this confusion, the Court will now reexamine the elements of the §§ 349 and 350 claims in full.

Section 349 prohibits deceptive acts and practices whereas § 350 prohibits false advertising. The elements for a claim under each are nearly identical. Both require: (1) that the challenged transaction was consumer-oriented; (2) that defendant engaged in deceptive or materially misleading acts or practices; and (3) that plaintiff was injured by reason of defendant's deception or misleading conduct. *Denenberg v. Rosen*, 897 N.Y.S.2d 391, 395-96 (N.Y. App. Div. 1st Dep't 2010) (citation omitted). The only difference between the two claims is that a § 350 claim must be specific to false advertising. *Id.*

New York courts do not permit §§ 349 and 350 claims for mere breaches of contract. "The fact that a party never intended to meet its obligations under an agreement, standing alone, is not enough to apply [New York General Business Law] § 349." *Miller v. Kaminer*, 88 N.Y.S.3d 792, 799 (N.Y. Civ. Ct. 2018). Section 349 and 350 claims exist in parallel with breach of contract claims only when there are allegations that the contractual terms were concealed or misrepresented. *Lucker v. Bayside Cemetery*, 979 N.Y.S.2d 8, 18 (2013). Federal district courts have faithfully applied this rule. *See Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 575 (E.D.N.Y. 2015) (dismissing a § 349 claim because "the conduct of which [plaintiff] complains is essentially that the Defendant failed to satisfy its contractual duties, not that it concealed or

misrepresented any contractual terms."); *42-50 21st St. Realty LLC v. First Cent. Sav. Bank*, No. 20CV5370RPKRLM, 2022 WL 1004187, at *11 (E.D.N.Y. Apr. 4, 2022) (declining to dismiss a § 349 claim where the defendants' actions after entering a contract constitute a deceptive practice separate and apart from the allegations of breach of contract); *Ji Dong Cheng v. HSBC Bank USA, N.A.*, 511 F. Supp. 3d 248, 255 (E.D.N.Y. 2021); *See contra Roy v. ESL Fed. Credit Union*, No. 19-CV-6122-FPG, 2020 U.S. Dist. LEXIS 181148, at *31 (W.D.N.Y. Sep. 30, 2020).

Plaintiffs do not claim that Defendants concealed or misrepresented the terms of the Waiver; only that Defendants never intended to abide by the waiver. As the Court stated in its April 15, 2020 opinion, "Plaintiffs executed the Waiver knowing the contractual guarantees to which they were entitled. If Defendants fell short of honoring those contractual guarantees for whatever reason, including if they never intended to honor the guarantees, the proper recourse is through a breach of contract claim." Doc. 110 at 9. Because Plaintiffs do not allege that the terms of the Waiver were concealed or mispresented, their §§ 349 and 350 claims fail as to both Defendants.

Plaintiffs attempt to foreclose this conclusion by pointing to two Second Circuit opinions – *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107 (2d Cir. 2017) and *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-CV, 2022 WL 433289 (2d Cir. Feb. 14, 2022). In *Nick's Garage*, the plaintiff brought a § 349 claim against an insurance company for "mislead[ing] consumers by falsely representing to them that it was willing to pay prevailing competitive labor rates . . . ." *Id.* at 113. In reversing the district court's grant of summary judgment, the Second Circuit made two findings Plaintiffs believe are relevant. First, it found that actions taken in contravention of a fully disclosed policy can be deceptive. Second, the court found that § 349 claims need not allege an injury independent of their contract damages. *Id. Milligan* presents a

4

similar situation – an insurer allegedly undervaluing a claim. The Second Circuit relied on its opinion in *Nick's Garage* to conclude that disclosure of the insurer's policy does not preclude a § 349 claim where that policy was not followed and that a § 349 claim does not require an injury independent of contract damages. *Milligan*, 2022 WL 433289 at *6.

Neither *Nick's Garage* nor *Milligan* further Plaintiffs' position. Plaintiffs' §§ 349 and 350 claims fail because of the rule implemented by New York courts that such claims cannot be based on an allegation that a contracting party never intended to meet its obligations. The Second Circuit did not address this rule in *Nick's Garage* or *Milligan*. Moreover, this Court is to follow the decisions of New York's appellate courts unless it is shown that the New York Court of Appeals, the state's highest court, would decide the issue differently. *See Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (quotation marks omitted). No such showing has been made.

Next, Plaintiffs argue that their §§ 349 and 350 claims against Performance First cannot be dismissed as duplicative because Performance First denies it is a party to the contract. There is no merit to this argument. New York law requires that §§ 349 and 350 claims not be based on mere allegations that a contracting party never intended to meet its obligations. Plaintiffs' allegations against Performance First are limited to just that – that Performance First entered into the Waiver without intending to comply with the terms of the Waiver. Therefore, Plaintiffs' §§ 349 and 350 claims against Performance First fail. It is irrelevant that Allegiance denies it is a party to the contract.

### IV.     Conclusion

For the above reasons, Performance First's motion for judgment on the pleadings as to Plaintiffs' §§ 349 and 350 claims, Doc. 113, is **GRANTED** and Plaintiffs' §§ 349 and 350 claims against Performance First are **DISMISSED**.

**IT IS SO ORDERED**.

                                                  s/ James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE: August 16, 2022