**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHMUEL COHEN, YEHUDA FISCHER, and ELIEZER ROSENBERGER, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

v.

ALLEGIANCE ADMINISTRATORS, LLC d/b/a PERFORMANCE FIRST and AUTOGUARD ADVANTAGE CORPORATION,

*Defendants.*

Civil Action No.: 2:20-cv-03411

**FINAL APPROVAL ORDER AND JUDGMENT**

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 203) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 198). The Court held a Final Approval Hearing on November 6, 2026. Having considered the Settlement Agreement and Release (ECF No. 196-1) (the "Settlement Agreement"), the motions and the memoranda and declarations submitted in support of them, the declarations of the Settlement Administrator, the arguments of counsel, and the entire record in this action, and for good cause shown, the Court FINDS as follows:

1. Capitalized terms used in this Order have the meanings given to them in the Settlement Agreement.
2. The Court has jurisdiction over the subject matter of this action and over all Parties, including all Settlement Class Members.
3. On April 23, 2026, the Court preliminarily approved the Settlement, conditionally certified the following Settlement Class under Rule 23(b)(3), appointed the Class

Representatives, Class Counsel, and American Legal Claim Services, LLC ("ALCS") as Settlement Administrator, and approved the form and manner of notice (ECF No. 197):

> Each person who entered into an Excess Wear & Tear Protection Waiver ("Waiver Agreement") with Defendants to provide coverage for a leased vehicle and who (a) submitted at least one eligible claim for coverage under the Waiver Agreement and (b) was denied coverage for a stated reason set forth in Defendants' claims report (or other substantively similar document) that is not a grounds for non-coverage under the terms and conditions set forth in the Waiver Agreement. Excluded from the Class is anyone who is either an immediate family member to or employed by counsel for Plaintiffs in this action or any Judge to whom this case is assigned.

4. Pursuant to the Preliminary Approval Order, on May 22, 2026, ALCS mailed the Court-approved postcard notice to the 732 unique Settlement Class Members identified in the 736 records provided by Defendants (after merging four duplicate records) and emailed notice to the 278 Settlement Class Members with valid email addresses. ALCS updated addresses through the National Change of Address database and skip tracing, re-mailed returned notices to updated addresses, posted the Long Form Notice and other key documents on the settlement website, and maintained a toll-free telephone line. Notice was delivered to 97.27% of the Settlement Class. (ECF No. 202-1 ¶¶ 4-9.)

5. The deadline for Settlement Class Members to request exclusion or to object was July 21, 2026. No Settlement Class Member requested exclusion, and no objection was filed. (ECF No. 202-1 ¶¶ 10-11.)

6. On May 4, 2026, notice of the proposed Settlement was served on the appropriate federal and state officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and Defendants have filed a notice of compliance (ECF No. 202). More than ninety days have elapsed since that notice was served. 28 U.S.C. § 1715(d).

7. Defendants do not oppose final approval of the Settlement or the award of attorneys' fees, costs, and service awards requested by Class Counsel.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Final Approval Granted.** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement is GRANTED.

2. **Certification of the Settlement Class.** For purposes of judgment on the Settlement, and consistent with the Court's Opinion and Order of October 14, 2024 (ECF No. 160) and its Preliminary Approval Order (ECF No. 197), the Court certifies the Settlement Class defined in paragraph 3 of the findings above under Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Court finds that (a) the Settlement Class is ascertainable; (b) its members are so numerous that joinder of all members is impracticable; (c) there are questions of law and fact common to the Settlement Class; (d) the claims of the Class Representatives are typical of the claims of the Settlement Class; (e) the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; (f) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members; and (g) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

3. **Class Representatives and Class Counsel.** The Court confirms the appointment of Shmuel Cohen, Yehuda Fischer, and Eliezer Rosenberger as Class Representatives, and of Daniel A. Schlanger and Evan S. Rothfarb of Schlanger Law Group, LLP and Matthew R. Wilson of Meyer Wilson Werning Co., LPA as Class Counsel under Federal

Rule of Civil Procedure 23(g). The Court finds that the Class Representatives and Class Counsel have adequately represented the Settlement Class.

4. **Notice.** The Court finds that the notice provided to the Settlement Class, as described in paragraph 4 of the findings above, fully complied with the Preliminary Approval Order; accurately informed Settlement Class Members of the material terms of the Settlement, of Class Counsel's request for attorneys' fees, costs, and service awards, and of their rights to object or to exclude themselves; constituted the best notice practicable under the circumstances, including individual notice to all members who could be identified through reasonable effort; and satisfied Federal Rule of Civil Procedure 23, the requirements of due process, and all other applicable law. The notice requirements of 28 U.S.C. § 1715 have also been satisfied.

5. **Fairness of the Settlement.** Having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) and in *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), the Court finds that the Settlement is fair, reasonable, and adequate. The Class Representatives and Class Counsel have adequately represented the Settlement Class; the Settlement was negotiated at arm's length, with the assistance of an experienced mediator, and is free of fraud or collusion; the relief provided is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the method of distributing relief, the terms of the award of attorneys' fees, and the absence of any agreement required to be identified under Rule 23(e)(3); and the Settlement treats Settlement Class Members equitably relative to each other. The Court therefore grants final approval of the Settlement Agreement, and the Parties are directed to consummate the Settlement in accordance with its terms and this Order.

6. **Objections and Exclusions.** No objections to the Settlement were made, and no Settlement Class Member requested exclusion. Every Settlement Class Member is bound by the Settlement Agreement, this Order, and the Judgment, including the release set forth in the Settlement Agreement.

7. **Common Fund and Distribution.** Within ten (10) days after the Effective Date, Autoguard shall pay the Common Fund of $450,000.00 to the Settlement Administrator. The Adjusted Common Fund, which is the Common Fund less the attorneys' fees, costs, and service awards approved in this Order, shall be distributed to Qualifying Class Members in accordance with their respective Class Member Percentages, by check, without any claims process, and in the manner and time provided in Section 7 of the Settlement Agreement. No portion of the Common Fund shall revert to Defendants. Residual Funds shall be distributed as provided in Section 9 of the Settlement Agreement, including by a second distribution to Qualifying Class Members who cashed their first checks if the Residual Funds exceed 20% of the Adjusted Common Fund; any funds then remaining shall be distributed *cy pres* to one or more designees agreed upon by the Parties or, absent agreement, designated by the Court on application of the Parties. The costs of notice and settlement administration shall be paid by Allegiance, in an amount not to exceed $20,000.00, and shall not be paid from the Common Fund.

8. **Attorneys' Fees and Costs.** Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 198) is GRANTED. Applying the percentage-of-the-fund method, which the Court finds appropriate in this common fund case, and having considered the factors set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), including a lodestar cross-check, the Court awards Class Counsel attorneys' fees

of $150,000.00, equal to one-third of the Common Fund, and reimbursement of litigation costs and expenses of $11,169.67. The Court finds the award reasonable in light of the benefit conferred on the Settlement Class, the contingent nature of the representation, the complexity and duration of the litigation, the skill of counsel, and Class Counsel's combined lodestar of $786,867.84, which exceeds the fee awarded. These amounts shall be paid from the Common Fund in the manner and time provided in Section 7(d)(i) of the Settlement Agreement.

9. **Service Awards.** In recognition of their service to the Settlement Class, the Court awards a service award of $7,500.00 to each of the three Class Representatives, Shmuel Cohen, Yehuda Fischer, and Eliezer Rosenberger, for a total of $22,500.00, to be paid from the Common Fund in the manner and time provided in Section 7(d)(ii) of the Settlement Agreement.

10. **Release.** As of the Effective Date, each Settlement Class Member, other than the Class Representatives, whose releases are governed by Section 12(a) of the Settlement Agreement, releases, resolves, relinquishes, and discharges the Released Parties from each of the Released Claims, as those terms are defined in Section 12(c) of the Settlement Agreement. "Released Claims" means "any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, losses, fines, liens, interest, restitution, actions, or causes of action of whatever kind or nature, whether known or unknown, that relate to nonpayment of eligible claims submitted under the Waiver Agreement."

11. **No Admission of Liability.** Defendants deny all of the claims and allegations in this action and any liability or wrongdoing. Neither the Settlement Agreement, this Order, nor

the Judgment constitutes an admission, concession, or indication of the validity of any claim or defense, or of any wrongdoing, liability, or violation by Defendants.

12. **Final Report.** Within one hundred forty (140) days after the Effective Date, the Settlement Administrator shall prepare a declaration setting forth the total payments issued to Settlement Class Members, the total amount of any checks uncashed or returned, and the total amount of money held by the Settlement Administrator, as provided in Section 8(f) of the Settlement Agreement.

13. **Dismissal with Prejudice.** This action, including all claims asserted in it against Defendants Allegiance Administrators, LLC (now known as Renascent Protection Solutions, LLC) and Autoguard Advantage Corporation, is DISMISSED on the merits and WITH PREJUDICE. Each party shall bear its own costs except as provided in the Settlement Agreement and this Order.

14. **Continuing Jurisdiction.** Without affecting the finality of this Order and Judgment, the Court retains continuing jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and this Order, including the administration and distribution of the Common Fund and the designation of any *cy pres* recipient.

15. **Entry of Judgment.** This Order constitutes the Final Approval Order and the Court's final judgment in this action. The Clerk is DIRECTED to enter judgment in accordance with this Order and to close this case.

IT IS SO ORDERED.

Dated: November 6, 2026

s/Edmund A. Sargus, Jr.
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE